1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                           **WESTERN DIVISION**

11

12   ARMANDO MUNOZ,                    )      No. CV 03-08358 CW
                                       )
13                     Plaintiff,      )      DECISION AND ORDER
              v.                       )
14                                     )
     JO ANNE B. BARNHART,              )
15   Commissioner, Social Security )
     Administration,                   )
16                                     )
                       Defendant.      )
17   _____ )

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned magistrate judge.   Plaintiff seeks

21   review of the denial of disability benefits.   The court finds that

22   judgment should be granted in favor of defendant, affirming the

23   Commissioner's decision.

24                         **I.   BACKGROUND**

25        Plaintiff Armando Munoz was born on August 27, 1952, and was

26   forty-nine years old at the time of his most recent administrative

27   hearing. [Administrative Record, "AR," 35, 38.]   He has a fourth grade

28   education in Mexico and past relevant work experience as a cleaner,

                                     1

machine operator and truck driver. [AR 28.]  Plaintiff claims

disability on the basis of chronic back pain that he initially

incurred during a workplace accident on June 25, 1996. [AR 150.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on November 17, 2003, and filed

on November 25, 2003.  On April 2, 2004, defendant filed plaintiff's

Administrative Record ("AR").  On July 13, 2004, the parties filed

their Joint Stipulation ("JS") identifying matters not in dispute,

issues in dispute, the positions of the parties, and the relief sought

by each party.  This matter has been taken under submission without

oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff's most recent application for supplemental security

income ("SSI") was filed on January 20, 2000, alleging disability

since June 25, 1996.  [JS 1, AR 84.]  An administrative hearing was

held on May 8, 2002, before Administrative Law Judge ("ALJ") Samuel W.

Warner.  [Transcript, AR 35.]  Plaintiff appeared with counsel, and

testimony was taken from plaintiff and vocational expert Sandra Trost.

[Id.]  The ALJ denied benefits on October 15, 2002.  [Decision, AR

33.]  When the Appeals Council denied review on September 11, 2003,

the ALJ's decision became the Commissioner's final decision.  [AR 6.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

Commissioner's decision to deny benefits.  The Commissioner's (or

ALJ's) findings and decision should be upheld if they are free of

legal error and supported by substantial evidence.  However, if the

court determines that a finding is based on legal error or is not

2

1  supported by substantial evidence in the record, the court may reject
2  the finding and set aside the decision to deny benefits.  See Aukland
3  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
4  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
5  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
6  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
7  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
8  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

9       "Substantial evidence is more than a scintilla, but less than a
10 preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
11 which a reasonable person might accept as adequate to support a
12 conclusion." Id.  To determine whether substantial evidence supports
13 a finding, a court must review the administrative record as a whole,
14 "weighing both the evidence that supports and the evidence that
15 detracts from the Commissioner's conclusion." Id.  "If the evidence
16 can reasonably support either affirming or reversing," the reviewing
17 court "may not substitute its judgment" for that of the Commissioner.
18 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

19                          **V.  DISCUSSION**

20      **A.   THE FIVE-STEP EVALUATION**

21      To be eligible for disability benefits a claimant must
22 demonstrate a medically determinable impairment which prevents the
23 claimant from engaging in substantial gainful activity and which is
24 expected to result in death or to last for a continuous period of at
25 least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at
26 721; 42 U.S.C. § 423(d)(1)(A).

27      Disability claims are evaluated using a five-step test:
28           Step one: Is the claimant engaging in substantial

                                   3

1    gainful activity?  If so, the claimant is found not
     disabled.  If not, proceed to step two.
2         Step two: Does the claimant have a "severe" impairment?
     If so, proceed to step three.  If not, then a finding of not
3    disabled is appropriate.
          Step three: Does the claimant's impairment or
4    combination of impairments meet or equal an impairment
     listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
5    so, the claimant is automatically determined disabled.  If
     not, proceed to step four.
6         Step four: Is the claimant capable of performing his
     past work?  If so, the claimant is not disabled.  If not,
7    proceed to step five.
          Step five: Does the claimant have the residual
8    functional capacity to perform any other work?  If so, the
     claimant is not disabled.  If not, the claimant is disabled.
9

10   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

11   April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

12   S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

13   C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

14   "not disabled" at any step, there is no need to complete further

15   steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

16        Claimants have the burden of proof at steps one through four,

17   subject to the presumption that Social Security hearings are non-

18   adversarial, and to the Commissioner's affirmative duty to assist

19   claimants in fully developing the record even if they are represented

20   by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

21   1288.  If this burden is met, a prima facie case of disability is

22   made, and the burden shifts to the Commissioner (at step five) to

23   prove that, considering residual functional capacity ("RFC")[1], age,

24

25        [1] Residual functional capacity measures what a claimant can
     still do despite existing "exertional" (strength-related) and
26   "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
     n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
27   work without directly limiting strength, and include mental, sensory,
     postural, manipulative, and environmental limitations.  Penny v.
28   Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

                                    4

1  education, and work experience, a claimant can perform other work

2  which is available in significant numbers.  Tackett, 180 F.3d at 1098,

3  1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4       **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5       Here, the ALJ found that plaintiff had not engaged in substantial

6  gainful activity since the alleged onset date of June 25, 1996 (step

7  one), that plaintiff had "severe" impairments, namely degenerative

8  disc disease (step two), and that plaintiff did not have an impairment

9  or combination of impairments that met or equaled a "listing" (step

10 three). [AR 32.]  The ALJ determined that plaintiff had the RFC to

11 perform "medium" work,[2] including his past relevant work as a cleaner,

12 machine operator and truck driver (step four). [AR 32.]  Accordingly,

13 the ALJ found that plaintiff was not "disabled" as defined by the

14 Social Security Act. [Id.]

15      **C.  PLAINTIFF'S PRESENT CLAIMS**

16      Plaintiff challenges the ALJ's decision by claiming that the ALJ

17 did not consider adequately the opinion of his treating physician, Dr.

18 Michael D. Roback, who treated plaintiff from December 1996 to October

19 1998. [JS 5.]  After Dr. Roback's treatment of plaintiff concluded,

20 plaintiff's first application for SSI (which was filed on February 27,

21 1998) was denied on July 27, 1999. [AR 27.]  As discussed below, Dr.

22

23  _____

24  n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
    nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,

25  765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

26      [2]  The ALJ found that plaintiff could lift and carry up to 50
    pounds occasionally and 25 pounds frequently and sit and stand and

27  walk for six hours in an eight hour workday, with normal breaks.  The
    ALJ also found that plaintiff could push and pull without significant

28  limitations and had no non-exertional limitations on his ability to
    perform medium work. [AR 32.]

5

Roback's opinion is not pertinent to plaintiff's current SSI application and, thus, the decision of the Commissioner will stand.

**D.   DR. ROBACK'S OPINION IS NOT ENTITLED TO THE WEIGHT OF A TREATING PHYSICIAN'S OPINION FOR THE CURRENT APPLICATION**

The doctrine of res judicata may be invoked to bar a disability claim when the Commissioner has made a previous determination on the claim based on the same facts and issues, and this previous determination has become final by administrative or judicial action. 20 C.F.R. § 416.1457(c)(1); see Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995).  A denial of a Social Security claim has the effect of res judicata only for the time period covered by the application, not for the period covered by a subsequent application.  Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986).  However, a final determination that a claimant is not disabled creates a presumption that the claimant retains the ability to work after the date of the prior administrative decision.  See Schneider v. Commissioner of Social Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Lyle v. Secretary of Health and Human Services, 700 F.2d 566, 567 (9th Cir. 1983).  This presumption of "continuing non-disability" may be overcome by a showing of "changed circumstances," such as an increase in the severity of plaintiff's impairment or the existence of an impairment not considered in the previous application.  See Lester, 81 F.3d at 827-828; Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988).

Here, plaintiff first applied for SSI benefits on February 27, 1998. [AR 27.]  At that time, plaintiff was receiving treatment from Dr. Roback. [AR 129, 190.]  ALJ Cynthia A. Josserand denied plaintiff's claim in a decision issued on July 27, 1999. [AR 27.]  In that decision, ALJ Josserand discussed Dr. Roback's treatment of

1   plaintiff, noting that Dr. Roback diagnosed chronic, symptomatic,

2   posttraumatic injuries of the cervical and lumbar spines, among other

3   conditions. [AR 55.]  The ALJ ultimately concluded, however, that Dr.

4   Roback's opinion was compatible with a determination that plaintiff

5   could perform medium work. [AR 56.]  Plaintiff sought review of the

6   ALJ's decision, but the Appeals Council denied plaintiff's request on

7   June 14, 2000. [AR 27.]

8        On January 20, 2000, plaintiff filed his second SSI application.

9   [AR 27.]  The claim was denied on March 20, 2000, and plaintiff

10   requested an administrative hearing. [Id.]  ALJ Alexander Weir III

11   denied the request for hearing on August 9, 2000, finding that

12   plaintiff's current claim was barred because ALJ Josserand's earlier

13   decision had the effect of res judicata.  On December 13, 2001, the

14   Appeals Council found that the time period covered by the second

15   application was different and that ALJ Weir was mistaken in concluding

16   there was no new medical evidence concerning plaintiff's impairments

17   subsequent to ALJ Josserand's decision. [AR 73.]  The Appeals Council

18   thus concluded that "the doctrine of res judicata cannot apply" and

19   remanded the case for an administrative hearing. [Id.]

20        The administrative hearing was held on May 8, 2002. [AR 37.]

21   During the hearing, the ALJ explained that, despite the fact that

22   plaintiff's second application stated a disability onset date of June

23   25, 1996, "we had an Administrative Law Judge decision that was upheld

24   of July 27, 1999, the 1996 date is what they call res judicata, and I

25   don't have jurisdiction of that." [AR 38.]  The ALJ went on to inform

26   plaintiff "that we're primarily interested...in your medical problems

27   in the year 2000 [the date of the second application] until now."

28   [Id.]  The ALJ eventually denied plaintiff's claim. [AR 32.]  In his

7

decision, the ALJ discussed Dr. Roback's treatment of plaintiff, as well as more recent treatment administered at the H. Claude Hudson Comprehensive Health Center. [AR 29, 30.]  The ALJ noted that Dr. Roback diagnosed plaintiff with "chronic, symptomatic, posttraumatic injury" of the cervical and lumbar spine but nonetheless concluded that plaintiff was capable of performing "medium" work. [AR 29, 31.]

Plaintiff contends that the ALJ did not properly assess Dr. Roback's opinion. [JS 5.]  Plaintiff points out that Dr. Roback opined that plaintiff had significant physical restrictions and that plaintiff should be limited to "light" work,[3] contrary to the ALJ's conclusion that plaintiff was capable of "medium" work. [AR 31, 135.] Plaintiff argues that the ALJ failed to accord Dr. Roback's opinion the comparatively influential weight of a treating physician's opinion and, thus, failed to give "specific and legitimate reasons supported by substantial evidence in the record" to explain why Dr. Roback's opinion was not adopted. [JS 5.]

Dr. Roback's opinion, however, is not pertinent to the time period covered by the current application.  Dr. Roback's treatment concluded in October 1998, prior to ALJ Josserand's decision of July 27, 1999. [AR 58, 129.]  That decision completely disposed of Dr. Roback's opinion, concluding that it was compatible with the ultimate determination that plaintiff was not "disabled." [AR 55, 58.] Plaintiff has not sought a reopening of that decision, and plaintiff's attorney did not argue with ALJ Warner's characterization of ALJ

---

[3]   The ALJ states in his decision that Dr. Roback opined plaintiff was "limited to between no heavy and light work" which echoes what ALJ Josserand stated in her earlier decision. [AR 29, 56.] Although Dr. Roback did make such an assessment in August 1997, subsequent treatment led Dr. Roback to limit plaintiff further to "light work" in October 1998. [AR 135, 160.]

1   Josserand's decision as "res judicata." [AR 38.]   Thus, it is unclear
2   why Dr. Roback's opinion should be afforded the weight of a treating
3   physician's opinion for plaintiff's current claim.

4        In addition, treatment records from the H. Claude Hudson
5   Comprehensive Health Center are more recent and, thus, more pertinent
6   to plaintiff's current claim.  See Lester, 81 F.3d at 833 (later
7   treatment opinion based on a more complete evaluation of the combined
8   impact of all impairments should be accorded greater weight).
9   Plaintiff received treatment at Claude Hudson from July 2000 to
10  February 2002. [AR 221, 230.]   Treatment notes indicate that plaintiff
11  was diagnosed with chronic neck and back pain, a ventral hernia, and
12  gastritis. [AR 250.]   The treatment notes also indicate that
13  plaintiff's back pain was "under control with [T]ylenol," that he
14  should avoid lifting heavy objects, and that he should take daily
15  regular exercise. [AR 223, 231.]   In July 2000, plaintiff reported
16  that he "does not want [back] surgery at this time since it doesn't
17  bother him." [AR 230.]   The ALJ discussed plaintiff's treatment at
18  Claude Hudson before concluding that plaintiff was capable of
19  performing "medium" work. [AR 30, 32.]   Given the unremarkable nature
20  of the Claude Hudson treatment records, such a conclusion is
21  warranted.

22       Plaintiff argues, to the contrary, that the Claude Hudson
23  treatment records indicate that plaintiff's condition was
24  deteriorating due to "parathesia of the hands and burning sensations
25  in [plaintiff's] feet" and that Dr. Roback's treatment would help
26  "shed light" on plaintiff's current condition. [JS 10.]   There is a
27  dearth of evidence, however, indicating that plaintiff's condition was
28  deteriorating while he was receiving treatment at Claude Hudson.

9

Plaintiff's single reference to parathesia in his hands and burning sensations in his feet are not repeated elsewhere in his progress notes from Claude Hudson.  The progress notes show that plaintiff denied he was in pain or claimed that it was controlled adequately with Tylenol and that he did not want surgery because his back no longer bothered him. [AR 252, 254, 255, 256.]  As defendant points out, plaintiff has not challenged the ALJ's assessment of the Claude Hudson records or, specifically, the ALJ's opinion that the records show "physical examinations that were unremarkable." [AR 30, JS 9.] Thus, it is not apparent that Dr. Roback's earlier opinion would be material when the record shows that plaintiff's condition improved following the conclusion of Dr. Roback's treatment.

Finally, the ALJ's conclusion that plaintiff was capable of performing "medium" work was supported by the findings of Dr. Alex Bloom,[4] an examining internist, as well as a state agency review physician. [AR 199-201, 203-211.]  Dr. Bloom examined plaintiff on February 14, 2000, and diagnosed him with "local musculoskeletal problems" but concluded that he "doesn't appear to have other major physical difficulties and from the internal medical standpoint wouldn't have significant restrictions on his activities." [AR 201.] On the same day, a spinal x-ray showed plaintiff had "mild lumbar degenerative disc disease." [AR 202.]  On March 6, 2000, the state agency review physician reviewed plaintiff's medical records, noting the discrepancy between Dr. Roback's limitation of plaintiff to "light work," and Dr. Bloom's more recent assessment that plaintiff had no significant restrictions on his activities. [AR 210.]  The state

---

[4]  The ALJ mistakenly refers to Dr. Bloom as "Dr. Robert Schatz" in his decision. [AR 31.]

agency review physician concluded that a limitation to "medium" work was appropriate given plaintiff's diagnosis of mild degenerative disc disease, and the ALJ agreed. [AR 210, 31.]  Together, the opinions of Dr. Bloom and the state agency review physician comprised substantial evidence to support the ALJ's decision.  <u>See</u> <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997)(reports of a consultative examining physician may serve as substantial evidence); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002)(opinion of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with clinical findings or other evidence in the record).  Accordingly, there is no basis to reverse the Commissioner's decision.

## V.  ORDERS

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **AFFIRMED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 28, 2005

__/s/_____
     CARLA M. WOEHRLE
     United States Magistrate Judge